UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY W. DEMARS,

     Plaintiff,                    CIVIL ACTION NO. 08-13936

v.                              DISTRICT JUDGE THOMAS LUDINGTON
                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

     Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION:  Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial  evidence on the record that claimant retained the residual functional capacity for a limited range of medium work.

\*   \*   \*

      Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on April 5, 2007, alleging that he had become disabled and unable to work on March 7, 2006, at age 49, due to mental depression and anxiety. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on December 4, 2007, before Administrative Law Judge (ALJ) Henry Perez. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of medium work. The ALJ restricted claimant to jobs involving simple, routine instructions.  The Law Judge determined that Plaintiff should have limited contact with the public. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 50 years old at the time of the administrative hearing (TR 425).  He had a ninth grade education, but had received a certification in welding.  Claimant had been employed as a welder during the relevant past (TR 62-63, 72-73, 425-426).  As a welder, he did a lot of walking and standing. He had to constantly bend down and reach over his head.  He was required to lift upwards of 10 pounds on a regular basis (TR 63). Claimant stopped working in March 2006, after being hospitalized for mental depression and anxiety (TR 133-135, 427-428). He  testified that emotional difficulties, particularly his inability to handle stress and lack of energy, prevented him from returning to work (TR 431-432). Plaintiff maintained that mental depression caused him to cry, for upwards of 15 minutes, for no apparent reason (TR 430).

A Vocational Expert, Pauline Pegram, classified Plaintiff's past work as light, skilled activity (TR 443). The witness testified that there were no jobs for claimant to perform if his testimony was fully accepted[1] (TR 444).  If he were capable of medium work, however, there were numerous unskilled janitorial,  inspection, sorting, packaging and hand assembly jobs that he could still perform with minimal vocational adjustment (TR 443). These simple, routine jobs involved only occasional contact with the public (TR 442).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as result of major depressive and generalized anxiety disorders, mild degenerative disc disease and lumbosacral nerve root irritation, but that he did not have an impairment or combination of

---

[1]The witness opined that claimant's alleged inability to concentrate, complete tasks and remember details due to his emotional difficulties would preclude all work activity (TR 444).

2

impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's emotional difficulties limited him to simple, routine work assignments that prevented him from having much contact with the public. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of medium level jobs, as identified by the Vocational Expert.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff does not challenge the Law Judge's determination that his physical impairments would not interfere with his ability to perform a restricted range of medium work. Instead, the claimant maintains that emotional difficulties, particularly his inability to handle workplace stress, have prevented him from returning to work. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents him from returning to his previous  work or any other substantial, gainful activity existing in the national economy, considering his age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

<u>DISCUSSION AND ANALYSIS</u>

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff remained capable of performing a significant number of unskilled, medium jobs that did not involve much interaction with the public. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of a disabling mental disorder. Although the Law Judge found the presence of a mental impairment identified in the A criteria (mental depression and generalized anxiety), the evidence failed to establish significant functional limitations identified in the four categories of the "B" criteria.

The evidence of record shows that Plaintiff remains capable of performing a variety of daily activities and that he is able to communicate effectively with others.[2]  Dr. Thomas Tsai, a reviewing state agency physician, reported in June 2007, that the claimant had only

---

[2]The first area of the B criteria, known as "activities of daily living", includes cleaning, shopping, cooking, maintaining a  residence, using the telephone and caring for one's grooming and hygiene. The second area, social functioning, refers to an individual's capacity to interact  appropriately and communicate effectively with others, including family, friends and merchants.

mild restrictions in activities of daily living (TR 406). The assessment was based, in part, on Plaintiff's testimony that he was able to care for his son, perform household chores, go shopping, attend weekly church services and prepare meals (TR 102-108, 112-116, 434-438). While Plaintiff allegedly had difficulty interacting with others, due to depression, the record reveals that he was evaluated for a kidney donation (TR 18, 355). This suggests a substantial ability to reach out to other people in their time of need. Given this evidence, the Law Judge reasonably determined that claimant's daily activities and social functioning were, at most, moderately restricted.

While Plaintiff alleged that his depression interfered with his memory and ability to concentrate,[3] he also indicated that he was able to read, watch television and care for his teenage son (TR 437-438). The ability to read or watch televison stands in sharp contrast to his allegation that he suffered from a complete inability to concentrate. Dr. Sarva Sarvananda, a treating psychiatrist, reported in March 2006, that Plaintiff was well oriented, logical and goal directed. Sensorium and cognition were said to be intact, and his judgment was not impaired (TR 339). Moreover, Debbie Gorney-Jankowski, a nurse practitioner working with Dr. Sarvananda, indicated in May 2007, that Plaintiff's attention span was normal, and that his memory was intact (TR 333). Furthermore, the claimant's ability to read, perform household chores and care for his teenage son suggests that he retained at least a minimal level of concentration as would be required in performing the unskilled jobs identified by the Vocational Expert.

---

[3]The third area of function evaluated under the "B" criteria is concentration, persistence, and pace, which refers to the "ability to sustain focused attention sufficiently long to permit the timely completion of tasks commonly found in work settings." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(3).

The last area of function under the "B" criteria is deterioration or decompensation in work or work-like settings, which refers to the "repeated failure to adapt to stressful circumstances which cause the  individual either to withdraw from that situation or to experience exacerbation of signs or symptoms." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(C)(4).  Dr. Tsai indicated in June 2007 that the claimant could maintain socially appropriate behavior, and keep up basic standards of neatness and cleanliness.  The doctor added that Plaintiff could make simple, work-related decisions, and independently perform routine, repetitive tasks. Claimant reportedly had the capacity to understand, remember and carry out short, simple instructions (TR 410-412). No physician imposed a specific work preclusive limitation on claimant's functioning. Although Plaintiff contended that depression and anxiety caused profound cognitive limitations, his depressed mood showed much improvement following a five day voluntary hospitalization in March 2006 (TR 133-134)

The claimant's depression was no doubt exacerbated by the pain caused by his various physical ailments.  Each condition has apparently improved with the help of medications to the point of no longer being disabling[4].  The medical evidence also failed to show that the claimant has suffered any episodes of decompensation. Plaintiff's ability to speak in a logical, coherent manner while remaining well organized (TR 147) suggests that he does not suffer disabling anxiety or depression. Furthermore, the types of unskilled jobs identified by the Vocational Expert (assembly, sorting and packaging) would not cause a great deal of stress. These entry level jobs did not involve interaction with the public

---

[4]Contrary to Plaintiff's assertion, there was no medical corroboration that side effects from the medications required him to nap in order to relieve chronic fatigue and dizziness.

(TR 442-4443). The Law Judge properly found that the degree of limitation for each of the four B criteria was only moderate and not severe. As a result, Plaintiff did not meet the requirements of the Listing of Impairments.

Plaintiff relies heavily upon the fact that Dr. Sarvananda described him as totally disabled[5] (TR 324, 327). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).  However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence.  Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).  Since Dr. Sarvanda offered little objective evidence to support his conclusion of disability, his opinion need not have been given any special weight[6]. Miller v. Secretary, 843 F.2d 221, 224  (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d  211, 213 (6th Cir. 1986).

---

[5]In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the March 2008, report from Dr. Sarvananda, submitted to the Appeals Council only (TR 417), was not considered by the undersigned.  This report  cannot serve as the basis for a remand order under sentence six of the Social Security Act because Plaintiff failed to demonstrate good cause for not submitting the evidence earlier to the ALJ.

[6]The ALJ rejected the doctor's opinion, setting forth persuasive reasons for doing so. As noted by the Law Judge, Dr. Sarvananda did not have a sufficient treating relationship with claimant (TR 19).  The record indicates that Dr. Sarvananda relied primarily upon Ms. Jankowski, his nurse practitioner, to complete all but one of claimant's treatment records (TR 322, 334, 340, 343, 393). Moreover, a review of the doctor's lone evaluation record shows he documented few objective test results (TR 325-327.  Indeed, it appears the doctor's statements were based primarily on Plaintiff's subjective complaints, rather than the objective medical evidence.

It is the rare case, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff was totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence.  Such observation is invaluable and should not be discarded lightly.  Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with his significant impairments, the Vocational Expert testified that there were numerous unskilled janitorial,  inspection, sorting, packaging and hand assembly that he could still perform with minimal vocational adjustment (TR 443). These simple, routine jobs involved only occasional contact with the public (TR 442). Given the objective clinical findings of the examining physicians of record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of medium work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to

find otherwise.  Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


                                        s/Donald A. Scheer
                                        DONALD A. SCHEER
                                        UNITED STATES MAGISTRATE JUDGE

DATED: April 28, 2009


**9**

---

## CERTIFICATE OF SERVICE

I hereby certify on April 28, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 28, 2009: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217