UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TIMOTHY W. DEMARS,

        Plaintiff,

                                                        Case Number 08-13936-BC
v.                                                  Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION,
OVERRULING PLAINTIFF'S OBJECTION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On September 11, 2008, Plaintiff Timothy W. Demars filed a complaint, alleging that Defendant Commissioner of Social Security incorrectly denied his application for disability benefits. Dkt. # 1. The parties filed cross-motions for summary judgment, which the Court referred to Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b). Plaintiff's motion argued that the ALJ erroneously applied the five-step analysis when he determined that Plaintiff did not meet the definition of "disabled" in the third step. Dkt. # 8. In Plaintiff's view, the ALJ altered the five-point scale used to evaluate functional limitation – none, mild, moderate, marked, and extreme – to add a level between "moderate" and "marked." *See* 20 C.F.R. § 404.1520a(c)(4).

On April 28, 2009, Judge Binder issued a report and recommendation that substantial evidence supported the administrative law judge's ("ALJ") decision denying disability benefits. Dkt. # 12. The magistrate judge rejected Plaintiff's argument, emphasizing portions of the record that supported the conclusion that Plaintiff did not suffer from marked limitations or restrictions. *Id.* at 4-7. On April 10, 2009, Plaintiff objected, again arguing that the ALJ incorrectly applied the

five-point scale.

The parties agree that the ALJ employed the relevant five-step sequential evaluation process, codified at 20 C.F.R. § 404.1520.  Moreover, the parties agree that the ALJ reached the correct conclusion with respect to the first two steps.  The dispute centers on the third step.

In this circumstance, the third step required the ALJ to determine if Plaintiff's mental condition was so severe as to render him disabled.  20 C.F.R. § 404.1520(a)(4)(iii).  To be considered disabled under this step, the ALJ must find that symptoms of an affective or anxiety-related disorder and the presence of two of the four functional limitations or restrictions:

   (1)  Marked restriction of activities of daily living; or
   (2)  Marked difficulties in maintaining social functioning; or
   (3)  Marked difficulties in maintaining concentration, persistence, or pace; or
   (4)  Repeated episodes of decompensation, each of extended duration;

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.04 & 12.06.  With respect to functional limitations of daily living, social functioning, and concentration, the ALJ applies the five-point scale.  If the ALJ concludes that the claimant's condition satisfies two of the four categories, then the claimant is determined to be disabled.

In the instant case, the ALJ found symptoms of a major depressive order and generalized anxiety disorder, thus, the ALJ evaluated the severity of Plaintiff's functional limitations. Administrative Record ("AR") at 15.  Those mental impairments, however, did not rise to the level to find Plaintiff disabled.  AR at 15-16.  The ALJ concluded that Plaintiff suffered from moderate difficulties with respect to social functioning and that Plaintiff did not suffer from repeated episodes of decompensation.  *Id.*  Plaintiff does not dispute that neither factor weighs against a finding of disability.

Rather, Plaintiff raises issue with the ALJ's conclusions with respect to the other two factors.

Plaintiff first argues that the ALJ misapplied the five-point scale. The ALJ concluded as follows:

> With regard to concentration, persistence or pace, [Plaintiff] has moderate to marked difficulties. [Plaintiff's] alleged need for reminder for even basic personal care and having to force himself to do tasks, as well as his lack of interest in things indeed appear to be significant, but do not quite rise to the level of marked.

AR at 16. Plaintiff contends that the finding that Plaintiff had "moderate to marked difficulties "create[d] an intermediate level of functioning capability . . . ." Dkt. # 13 at 3. Misapplication of a regulation requires reversal of the ALJ's decision. *See e.g.*, *Faucher v. Sec'y of Health and Human Serv.*, 17 F.3d 171, 175-76 (6th Cir. 1994).

Upon review of the record, the Court is not persuaded by Plaintiff's argument. While the ALJ utilized the language "moderate to marked," it is apparent that it was chosen to communicate his finding that Plaintiff did not suffer from marked difficulties. Moreover, Plaintiff has not demonstrated that substantial evidence in the record does not support that view.

With respect to the social functioning factor, the ALJ found as follows:

> In activities of daily living, [Plaintiff] has moderate restriction. [Plaintiff] testified to and has otherwise reported significant difficulties in this are. Yet, he remains able to share household chores with his teenaged son, shop, generally care for his son, and attend to other activities. The record does indicate that he needs reminders for personal care. Interestingly, in October 2007, in conjunction with evaluation to be a kidney donor, [Plaintiff] stated that he was independent in all activities of daily living. As recently as one month earlier, a treating individual noted that [Plaintiff] had anhedonia, and progress notes reveal persistent complaint of this. This record supports a marked limitation in this category of functioning.

AR at 16.[1] Plaintiff emphasizes that the ALJ's reaches contrary conclusions – beginning the paragraph by identifying a moderate restriction and concluding the paragraph by finding a marked

---

[1] Anhedonia is defined as the loss of capacity to experience pleasure.

restriction. On the other hand, Defendant characterizes the inconsistency as a typographical error. Based on the substance of the finding, the Court agrees that the inconsistency is a typographical error. A typographical error is viewed in the context of the record as a whole. *Gribbons v. Comm'r Soc. Sec. Admin.*, 37 F.App'x 777, 779 (6th Cir. 2002).

Notwithstanding that conclusion, a typographical error that does not materially affect the outcome is not grounds to disagree with Defendant's conclusions. *See*, *e.g.*, *Morales v. Astrue*, 300 F.App'x 457, 458 (9th Cir. 2008). Here, the ALJ concluded that none of the other factors were met, thus, a finding of a marked restriction would have been inconsequential even if the ALJ intended to reach that conclusion.

The objection also argues that the ALJ's findings in the fourth and fifth steps were immaterial. This argument is moot because it relied on the Court concluding that the ALJ erred in his determination at the third step. As discussed above, Plaintiff has not demonstrated that occurred. Thus, the Court will overrule the objection.

Accordingly, it is **ORDERED** that the report and recommendation [Dkt. # 12] is **ADOPTED**. Plaintiff's objection to the report and recommendation [Dkt. #13] is **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [Dkt. #11] is **GRANTED** and Plaintiff's motion for summary judgment [Dkt. # 8] is **DENIED**.

                                           s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

Dated: June 24, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 24, 2009.

        s/Tracy A. Jacobs
        TRACY A. JACOBS